IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| LEAH D. SNIDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 11-01011-CV-W-JTM |
| | ) | |
| ANSCHUTZ ENTERTAINMENT GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

On April 26, 2010, plaintiff Leah Snider ("Snider") sustained personal injuries while attending a Nickelback concert at the Sprint Center in Kansas City, Missouri. Subsequently, on August 4, 2011, Snider filed an action in the Circuit Court of Jackson County, Missouri, naming as the sole defendant Anschutz Entertainment Group, Inc. ("AEG, Inc."). Snider alleged that AEG, Inc. was a Colorado corporation. Snider further alleged that AEG, Inc. "owned, operated, managed, and maintained" the Sprint Center.[1] After filing an answer on September 15, 2011, AEG, Inc. invoked the jurisdiction of this Court removing the case based on diversity of citizenship on October 5, 2011.

After the parties had exchanged Rule 26 disclosures and conducted some discovery, on December 12, 2011, Snider sought leave of court to add an additional party, AEG Kansas City Arena, LLC ("AEG-KC"). According to Snider, in responses to interrogatories, AEG, Inc. identified AEG-KC as the entity that provided and paid for security and ushers at the Sprint

---

[1] Snider contends that her injuries arose because a handicap accessible wheelchair platform at the Sprint Center did not have a sufficiently tall safety railing to prevent an intoxicated patron from falling off the platform and landing on Snider. In addition, Snider seemingly alleges liability based on the Missouri Dram Shop law, MO. REV. STAT. § 537.053.

Center on the date of Snider's injuries. In response, AEG, Inc. filed opposing suggestions arguing that Snider "was admitting that [she] sued the wrong party." Inasmuch as Snider made no such admission and was merely seeking to add the party that apparently provided safety personnel at the concert,[2] the Court granted Snider leave. On January 28, 2012, Snider filed a FIRST AMENDED COMPLAINT against AEG, Inc. and AEG-KC.

On February 27, 2012, AEG-KC (represented by the same counsel as AEG, Inc.) moved to dismiss the claims asserted against it. AEG-KC argued that the FIRST AMENDED COMPLAINT failed to set forth facts showing subject matter jurisdiction. In that regard, the pleading alleged:

> Defendant [AEG-KC] is, and at all relevant times has been, a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in the State of Missouri. [AEG-KC] is subject to the jurisdiction of the courts of the State of Missouri in that, among other things, it transacts business in the State of Missouri, it owns, operates manages and maintains The Sprint Center in Kansas City, Missouri, has its principal place of business in the State of Missouri, and is otherwise present in the State of Missouri. Further, the facts which form the basis of this lawsuit occurred in Kansas City, Jackson County, Missouri.

While the foregoing may well be correct, it did not definitively resolve the issue of subject matter jurisdiction. Under federal law, a limited liability company or limited liability corporation (like AEG-KC) is treated like a partnership for diversity analysis. As such, the citizenship of a limited liability company is determined by the citizenship of each of its members. *GMAC Commercial Credit LLC v. Dillard Department Stores, Inc.*, 357 F.3d 827,

---

[2] By contrast, AEG, Inc. was ostensibly sued because it "owned, operated, managed, and maintained" the Sprint Center.

828–29 (8th Cir. 2004). The allegations in the FIRST AMENDED COMPLAINT neither proved nor refuted jurisdiction.

The resolution to the question is critical. As noted, the case was removed to this Court based on diversity of citizenship. Federal courts are courts of limited jurisdiction and the "threshold requirement in every federal case is jurisdiction." *Sanders v. Clemco Industries*, 823 F.2d 214, 216 (8th Cir. 1987). It is beyond all debate, that federal diversity jurisdiction requires complete diversity, so that no defendant is a citizen of the same state as any plaintiff. *Strawbridge v. Curtiss*, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806); *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74, 98 S.Ct. 2396, 2402 (1978). Thus, if it was determined that AEG-KC was a citizen of Missouri, the rule of *Strawbridge* would be violated and the Court would either have to deny the joinder of AEG-KC or allow the joinder and remand the case to state court. 28 U.S.C. § 1447(e).

Quite aside from AEG-KC's motion to dismiss and Snider's subsequent request to have the Court remand the case to state court, the Court itself was concerned with its own subject matter jurisdiction over the case. Accordingly, on March 23, 2012, the Court conducted a telephone conference with the parties and ordered:

> Defendant AEG Kansas City Arena, LLC shall provide
> information to the Plaintiff and the Court within 14 days from the
> date of this hearing regarding the identity and residency of
> members of the Limited Liability Corporation in order to allow the
> Court to determine whether it has subject matter jurisdiction based
> on diversity of citizenship.

MINUTE ENTRY [Doc. 42]. On March 29, 2012, the attorney for AEG-KC wrote a letter where he stated in full:

> The information I've obtained pursuant to the Court's Order is that
> the sole member of [AEG-KC] is AEG Kansas City Arena Holdco,
> LLC.

Despite the clear language employed by the Court, no information was given as to the residency of "AEG Kansas City Arena Holdco, LLC," which – because it is a limited liability company – would also entail the residency of its members.[3]

AEG-KC and its attorneys argue that the Court lacks subject matter jurisdiction over AEG-KC and therefore cannot require AEG-KC to provide information. It is true that the FIRST AMENDED COMPLAINT as presently plead does not contain sufficient information to ascertain whether the Court has continuing subject matter jurisdiction based on diversity of citizenship. However, the court would characterize Snider's allegations as "imperfect" jurisdictional allegations.[4] *SunTrust Bank v. Village at Fair Oaks Owner, LLC*, 766 F.Supp.2d 686, 691 (E.D. Va. 2011). Such allegations do not mandate an automatic dismissal, but, rather, fall within the

---

[3] To determine the citizenship of an LLC, courts look to the citizenship of the LLC's members and, if necessary, the LLC's members' members. Courts may consider the citizenship of the members' members, and then the members' members' members and so on, because an LLC's members may include other entities, such as partnerships, corporations, or even additional LLCs. Each of these subsequent entities possess their own constituent citizenship. Therefore, courts determine an LLC's citizenship by tracing the layers of membership to decide if diversity jurisdiction exists.

*Tschakert v. Hart Energy Pub., LLLP*, 2011 WL 3568117, op. at *2 (S.D. Cal. Aug. 15, 2011).

[4] For instance, in *Muhlenbeck v. KI, LLC*, 304 F.Supp.2d 797 (E.D. Va. 2004), a defendant LLC alleged in its initial removal petition only its own state of organization and principal place of business. *Id*. at 798. The plaintiff filed a motion to remand on the basis of the defendant's failure to allege its owners and their citizenship, and the defendant responded with a motion for leave to amend its petition to allege the missing information. *Id*. at 798–99. After reviewing the relevant jurisprudence, the court concluded that the erroneous allegations in the defendant's initial removal petition constituted imperfect allegations susceptible to amendment under 28 U.S.C. § 1653, denied the plaintiff's motion to remand, and granted the defendant's motion for leave to amend. *Id*. at 799–801.

4

class of "[d]efective allegations of jurisdiction [that] may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. *See also SunTrust Bank*, 766 F.Supp.2d at 691.

A federal court has an obligation to assure itself of its own subject matter jurisdiction over a case, particularly where issues arise that call such jurisdiction into question. *See*, *e.g.*, *Int'l Ass'n of Fire Fighters v. City of Clayton*, 320 F.3d 849, 850 (8th Cir. 2003) ("The federal courts are under an independent obligation to examine their own jurisdiction."). Indeed, in the very Eighth Circuit case recognizing that limited liability companies are treated like partnerships for purposes of diversity analysis, the Court remanded "to the district court for jurisdictional discovery and a hearing," *GMAC Commercial Credit LLC v. Dillard Department Stores, Inc.*, *supra*, 357 F.3d at 829. This is not a case where a plaintiff utterly fails to meet "minimal jurisdictional requirements." *Milligan Elec. Co. v. Hudson Construction Co.*, 886 F.Supp. 845, 850 (N.D. Fla. 1995). AEG-KC <u>is</u> susceptible to personal jurisdiction in the State of Missouri and <u>is</u> an entity that <u>was</u> connected to security at the Sprint Center on April 26, 2010. Snider is not "fishing" for additional defendants, but merely trying to sue defendants in the proper forum.

The decision whether to grant jurisdictional discovery in a case is left to the trial court's sound discretion. *Lakin v. Prudential Securities, Inc.*, 348 F.3d 704, 713 (8th Cir. 2003). Under these facts, the Court believes that an examination into subject matter jurisdiction is in the best interests of justice. The Court had hoped that its prior order would be sufficient to resolve this dispute. Instead, AEG-KC and its counsel are trying to play some shell game with regard to AEG-KC's citizenship. That ends now. Within fourteen (14) days of the date of this order counsel for AEG-KC shall file a pleading with the Court that specifically states:

(1) the name of all members of AEG-KC and the residency of such members in order to allow the Court to determine whether it has

> subject matter jurisdiction based on diversity of citizenship [To the extent that members of AEG-KC themselves are limited liability companies or partnerships, then AEG-KC must list the respective members of those limited liability companies or partnerships as well as their residency and the same if those respective members are limited liability companies or partnerships.], and
>
> (2) in addition, AEG-KC must include a separate designation that, based upon its good faith investigation, lists all states of which it believes itself to be a citizen for purposes of diversity.[5]

Failure to abide by the Court's order may be grounds for civil contempt and/or other sanctions.

On March 29, AEG, Inc. filed a motion for summary judgment. Doc. 43. Snider has requested additional time to file a response of up to six months in light of the fact that discovery is ongoing. Doc. 47. In addition, on March 30, 2012, Snider formally filed a motion to remand the case to state court. Doc. 45. The Court presently defers ruling on these pending motions until the issue surrounding subject matter jurisdiction are resolved.

**IT IS SO ORDERED**.

 */s/ John T. Maughmer*  
**JOHN T. MAUGHMER**
**U. S. MAGISTRATE JUDGE**

---

[5] The Court is well aware that the parties cannot create subject matter jurisdiction by stipulation, waiver, or consent. *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 7–8, 98 S.Ct. 1554, 1559–60 (1978). However, even in the event it is determined later that the Court lacked subject matter jurisdiction over the case, the Court still retains jurisdiction to deal with false and misleading pleadings and/or the failure of counsel to engage in candor with the Court.

Case 4:11-cv-01011-JTM   Document 49   Filed 04/24/12   Page 6 of 6