**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| **LEAH D. SNIDER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Civil No. 11-01011-CV-W-JTM** |
| | ) |
| **ANSCHUTZ ENTERTAINMENT GROUP, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

# ORDER

On December 12, 2011, plaintiff Leah Snider ("Snider"), based on interrogatory answers from defendant Anschutz Entertainment Group, Inc. ("AEG, Inc."), sought and was granted leave to add an additional party – AEG Kansas City Arena, LLC ("AEG-KC"). Snider's case had originally been filed in the Circuit Court of Jackson County, Missouri, but was subsequently removed to this Court by AEG, Inc., a Colorado corporation, based on diversity of citizenship. With the addition of AEG-KC as a party-defendant, an issue arose as to the continuing complete diversity to support federal court jurisdiction. To that end, Snider's FIRST AMENDED COMPLAINT alleges:

> Defendant [AEG-KC] is, and at all relevant times has been, a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in the State of Missouri. [AEG-KC] is subject to the jurisdiction of the courts of the State of Missouri in that, among other things, it transacts business in the State of Missouri, it owns, operates manages and maintains The Sprint Center in Kansas City, Missouri, has its principal place of business in the State of Missouri, and is otherwise present in the State of Missouri. Further, the facts which form the basis of this lawsuit occurred in Kansas City, Jackson County, Missouri.

As previously noted by the Court, while the foregoing may well be correct, it did not definitively resolve the issue of subject matter jurisdiction. Under federal law, a limited liability company or limited liability corporation (like AEG-KC) is treated like a partnership for diversity analysis. As such, the citizenship of a limited liability company is determined by the citizenship of each of its members. *GMAC Commercial Credit LLC v. Dillard Department Stores, Inc.*, 357 F.3d 827, 828–29 (8th Cir. 2004). The allegations in the FIRST AMENDED COMPLAINT neither proved nor refuted jurisdiction.[1]

After several efforts to obtain a clear picture of the citizenship of AEG-KC and in an effort to satisfy itself of jurisdiction, on April 24, 2012, the Court, in part, ordered counsel for AEG-KC to file a pleading with the Court that specifically stated:

> the name of all members of AEG-KC and the residency of such members in order to allow the Court to determine whether it has subject matter jurisdiction based on diversity of citizenship [To the extent that members of AEG-KC themselves are limited liability companies or partnerships, then AEG-KC must list the respective members of those limited liability companies or partnerships as well as their residency and the same if those respective members are limited liability companies or partnerships.], and

In compliance with that order, on May 2, 2012, AEG-KC filed a response that provided:

> [AEG-KC] is an LLC organized under the law in Delaware. Its only member is AEG Kansas City Arena Holdco, LLC, also a Delaware LLC. Its only member is AEG KCAH, LLC, a Delaware LLC. Its only member is Anschutz Entertainment, Inc., a corporation formed under the laws of Colorado with its principle [*sic*] place of business in Colorado.

---

[1]    As also previously observed by the Court, federal courts are courts of limited jurisdiction and the "threshold requirement in every federal case is jurisdiction." *Sanders v. Clemco Industries*, 823 F.2d 214, 216 (8th Cir. 1987). Thus, <u>if</u> it was determined that AEG-KC was a citizen of Missouri, the Court would either have to deny the joinder of AEG-KC or allow the joinder and remand the case to state court. 28 U.S.C. § 1447(e).

Based on the representations made, then, AEG-KC is a citizen of the State of Colorado and complete diversity of citizenship between the plaintiff, on one hand, and the defendants, on the other hand, is not destroyed by the addition of AEG-KC as a party-defendant.[2]  Accordingly, Snider's pending motion to remand [Doc. 45] is denied.  In addition, AEG-KC's motion to dismiss [Doc. 37] is denied for the time being.  The Court orders Snider to file an amended complaint revising the jurisdictional allegations alleged with regard to AEG-KC.

Also pending before the Court is the motion of AEG, Inc. for summary judgment [Doc. 43].  In response, Snider has requested an extension of time to respond because "discovery has not closed" [Doc. 47].  In fact, under the Scheduling and Trial Order entered by the Court on November 14, 2011 (before the addition of AEG-KC as a party), discovery closed on March 1, 2012.  In light of the added party and the delay in ascertaining jurisdictional facts, the Court will treat Snider's motion for an extension of time as a motion to enter a new scheduling order.  That motion is granted and the parties are directed to file an amended joint proposed scheduling order within fourteen days of the entry of this Order.  The Court will defer ruling on the issues presented in AEG, Inc.'s motion for summary judgment until discovery closes under the new

---

[2]    In electronic correspondence copied to Court staff, Snider raises questions regarding to the status of "Anschutz Entertainment, Inc," as a corporate entity in Colorado. Indeed, the Colorado Secretary of State does not show an entity under that name as a corporation in good standing in the State.  The Colorado Secretary of State does show that an "Anschutz Entertainment Corporation" was organized in the State in 1995.  On April 27, 2006, that corporation was merged into "Red Bull New York, Inc."  Later that same day, on April 27, 2006, that corporation itself was then merged into "Anschutz N.Y. Soccer, Inc." The Court will leave it to the parties and discovery to determine if there is any relevance to these corporate somersaults with regard to the present litigation and, if so, to bring it to the Court's attention.  For the time being, based on the record before the Court and the representations made by AEG-KC and its counsel in Doc. 51, the Court is presently satisfied that diversity jurisdiction exists.

scheduling order.  At that time AEG, Inc. may renew its present motion, file a new motion or withdraw the motion altogether.

Accordingly, it is

**ORDERED** that Anschutz Entertainment Group, Inc.'s *Motion To Dismiss*, filed February 3, 2012 [Doc. 30] is **DENIED**.  It is further

**ORDERED** that AEG Kansas City Arena, LLC's *Motion To Dismiss,* filed February 27, 2012 [Doc. 37] is **DENIED**.  It is further

**ORDERED** that *Plaintiff's Motion To Remand Pursuant To 28 U.S.C. §1447(c),* filed March 30, 2012 is **DENIED**.  It is further

**ORDERED** that within 14 days of the date of this Order, the parties shall file an amended joint proposed scheduling order which sets forth requested extensions of time for the close of discovery, filing of dispositive motions and trial date – as well as any other requested adjustments to the present schedule in this matter.

*/s/ John T. Maughmer*
**JOHN T. MAUGHMER**
**U. S. MAGISTRATE JUDGE**

4