**In the United States District Court for the
Western District of Missouri
Western Division**

| | | |
|---|---|---|
| Leah D. Snider<br>7929 Ward Parkway Plaza<br>Kansas City, Missouri 64114 | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | |
| vs. | )<br>) | |
| Anschutz Entertainment Group, Inc.<br>a Colorado corporation, | )<br>)<br>) | No. 11 CV 01011 JTM |
| and | )<br>) | |
| AEG Kansas City Arena, LLC<br>a Delaware Limited Liability Company, | )<br>)<br>) | **Jury Trial Demanded** |
| Defendants. | ) | |

## Second Amended Complaint

### Count I - Claim Against Anschutz Entertainment Group, Inc.

COMES NOW Plaintiff Leah D. Snider and for Count I of her cause of action against Defendant Anschutz Entertainment Group, Inc. [hereinafter "Anschutz"] states:

1. Plaintiff Leah D. Snider is and at all relevant time has been a citizen and resident of Jackson County, Missouri, residing at the address set forth in the caption.

2. Defendant Anschutz is, and at all relevant times has been, a corporation organized and existing under the laws of the State of Colorado, with its principal place of business in a State other than the State of Missouri. Anschutz is subject to the jurisdiction of the courts of the State of Missouri in that, among other things, it transacts business in the State of Missouri, it owns, operates, manages and maintains The Sprint Center in Kansas City, Missouri, and is otherwise present in the

State of Missouri. Further, the facts which form the basis of this lawsuit occurred in Kansas City, Jackson County, Missouri.

3. At the time of the accident which is the subject of this lawsuit, Anschutz owned, operated, managed, and/or maintained The Sprint Center, 1407 Grand Boulevard, Kansas City, Jackson County, Missouri 64106.

4. On or about April 26, 2010, Plaintiff was an invitee at The Sprint Center, over which Anschutz had exclusive ownership, possession and control.

5. At the time and place aforesaid, Plaintiff was attending a Nickelback concert and was sitting in Section 119, Row 24, Seat 15. While so seated, an intoxicated patron, who was standing above Plaintiff on the handicap accessible wheelchair platform, fell off the platform and landed on top of Plaintiff, causing Plaintiff to fall down three rows of seats and sustain the following injuries and damages, which have a monetary value of Seventy Thousand Dollars ($70,000.00):

(a) Her head, neck, shoulders, back, spine, collarbone, legs, arms, ankles and feet, left wrist, left hand, right knee, and the bones, muscles, tendons, ligaments, nerves, blood vessels, and tissues thereof were torn, bruised, contused, stretched, strained, sprained, and otherwise made sore and lame;

(b) Contusions to her legs, arms and upper body;

(c) She has been required to seek the care and attention of doctors, hospitals, nurses, physical therapists, and other practitioners of the healing arts, all in a reasonable and necessary attempt to cure and relieve herself from the effects of the aforesaid injuries and has incurred and will in the future incur bills associated therewith;

(d) She has suffered and sustained, and will continue to suffer and sustain, mental and physical pain and suffering, sleeplessness, anxiety and upset as a result of the aforesaid injuries.

6. The injuries and damages set forth in the preceding paragraph are permanent and progressive in nature.

7. At the time and place of Plaintiff's aforesaid injury, the platform on which the intoxicated patron was standing did not have a safety railing that was tall enough to prevent persons, such as the intoxicated patron, from falling off of the platform onto persons, such as Plaintiff, who were seated below the platform. As a result of the platform not having a sufficiently tall safety railing, Anschutz's premises were not reasonably safe.

8. Anschutz knew or by using ordinary care could have known of this condition.

9. Anschutz failed to use ordinary care to remove the aforesaid dangerous condition.

10. Anschutz failed to use ordinary care to barricade the aforesaid dangerous condition.

11. Anschutz failed to use ordinary care to warn of the aforesaid dangerous condition.

12. As the direct and proximate result of, and as the reasonably foreseeable consequence of, Anschutz's aforesaid failures to use ordinary care, Plaintiff suffered and sustained, and will continue to suffer and sustain, the injuries and damages set forth above, which have a monetary value of Seventy Thousand Dollars ($70,000.00).

WHEREFORE, Plaintiff prays judgment against Anschutz in the sum of $70,000.00, together with her costs herein incurred and expended.

### Count II - Claim Against Anschutz Entertainment Group, Inc.

COMES NOW Plaintiff and for her claim against Anschutz Entertainment Group, Inc. and for Count II of her cause of action states:

1. She incorporates herein by reference each and every statement and allegation contained in Count I above of this Second Amended Complaint and restates and realleges herein each and every statement and allegation contained therein.

2. At the time of the accident which is the subject of this Complaint, Anschutz and Anschutz's agents and employees who were acting within the scope and course of their agency and employment, were negligent and careless in the following particulars and said negligence and carelessness directly caused or directly contributed to cause Plaintiff to suffer the injuries and damages set forth above:

   (a) They failed to properly train their agents and employees to recognize intoxicated patrons and guests, and failed to train their agents and employees on what actions to take to prevent intoxicated patrons or guests from injuring other people;

   (b) They failed to properly train their agents and employees that patrons and guests, especially those who are intoxicated, should not be allowed to stand on the handicap accessible wheelchair platform;

   (c) They caused, allowed and permitted their patrons and guests to consume so much alcohol that they would become unruly and intoxicated and thereby place themselves and other patrons and guests at risk;

   (d) They failed to properly monitor the behavior of their patrons and guests so as to prevent incidents such as the one which is the subject of this lawsuit.

3. As the direct and proximate result of the aforesaid negligence and carelessness of Anschutz and its agents and employees, as detailed hereinabove, Plaintiff suffered and sustained and continues to suffer and sustain the injuries and damages set forth hereinabove, which have a monetary value of Seventy Thousand Dollars ($70,000.00).

WHEREFORE, Plaintiff prays judgment against Anschutz in the sum of $70,000.00, together with her costs herein incurred and expended.

### Count III - Claim Against AEG Kansas City Arena, LLC

COMES NOW Plaintiff Leah D. Snider and for her claim against Defendant AEG Kansas City Arena, LLC [hereinafter "AEG"] and for Count III of her cause of action states:

1. Plaintiff Leah D. Snider is and at all relevant time has been a citizen and resident of Jackson County, Missouri, residing at the address set forth in the caption.

2. Defendant AEG is, and at all relevant times has been, a limited liability company organized in the State of Delaware. AEG's sole member is AEG Kansas City Holdco, LLC, also a Delaware LLC. AEG Kansas City Holdco, LLC's sole member is AEG KCAH, LLC, a Delaware LLC. AEG KCAH, LLC's sole member is Anschutz Entertainment, Inc., a corporation formed under the laws of Colorado with its principal place of business in Colorado. AEG Kansas City Arena, LLC is therefore a citizen of the State of Colorado for purposes of federal diversity jurisdiction. AEG is subject to the jurisdiction of the courts of the State of Missouri in that, among other things, it transacts business in the State of Missouri, it owns, operates manages and maintains The Sprint Center in Kansas City, Missouri, its owners/members are citizens of the State of Missouri, and is otherwise present in the State of Missouri. Further, the facts which form the basis of this lawsuit occurred in Kansas City, Jackson County, Missouri.

3. At the time of the accident which is the subject of this lawsuit, AEG owned, operated, managed, and/or maintained The Sprint Center, 1407 Grand Boulevard, Kansas City, Jackson County, Missouri 64106.

4. On or about April 26, 2010, Plaintiff was an invitee at The Sprint Center, over which

5

Case 4:11-cv-01011-BP   Document 55   Filed 05/31/12   Page 5 of 9

AEG had exclusive ownership, possession and control.

5. At the time and place aforesaid, Plaintiff was attending a Nickelback concert and was sitting in Section 119, Row 24, Seat 15. While so seated, an intoxicated patron, who was standing above Plaintiff on the handicap accessible wheelchair platform, fell off the platform and landed on top of Plaintiff, causing Plaintiff to fall down three rows of seats and sustain the following injuries and damages, which have a monetary value of Seventy Thousand Dollars ($70,000.00):

(a) Her head, neck, shoulders, back, spine, collarbone, legs, arms, ankles and feet, left wrist, left hand, right knee, and the bones, muscles, tendons, ligaments, nerves, blood vessels, and tissues thereof were torn, bruised, contused, stretched, strained, sprained, and otherwise made sore and lame;

(b) Contusions to her legs, arms and upper body;

(c) She has been required to seek the care and attention of doctors, hospitals, nurses, physical therapists, and other practitioners of the healing arts, all in a reasonable and necessary attempt to cure and relieve herself from the effects of the aforesaid injuries and has incurred and will in the future incur bills associated therewith;

(d) She has suffered and sustained, and will continue to suffer and sustain, mental and physical pain and suffering, sleeplessness, anxiety and upset as a result of the aforesaid injuries.

6. The injuries and damages set forth in the preceding paragraph are permanent and progressive in nature.

7. At the time and place of Plaintiff's aforesaid injury, the platform on which the intoxicated patron was standing did not have a safety railing that was tall enough to prevent persons, such as the intoxicated patron, from falling off of the platform onto persons, such as Plaintiff, who

were seated below the platform. As a result of the platform not having a sufficiently tall safety railing, AEG's premises were not reasonably safe.

8. AEG knew or by using ordinary care could have known of this condition.

9. AEG failed to use ordinary care to remove the aforesaid dangerous condition.

10. AEG failed to use ordinary care to barricade the aforesaid dangerous condition.

11. AEG failed to use ordinary care to warn of the aforesaid dangerous condition.

12. As the direct and proximate result of, and as the reasonably foreseeable consequence of, AEG's aforesaid failures to use ordinary care, Plaintiff suffered and sustained, and will continue to suffer and sustain, the injuries and damages set forth above, which have a monetary value of Seventy Thousand Dollars ($70,000.00).

WHEREFORE, Plaintiff prays judgment against AEG in the sum of $70,000.00, together with her costs herein incurred and expended.

### Count IV - Claim Against AEG Kansas City Arena, LLC

COMES NOW Plaintiff and for her claim against AEG Kansas City Arena, LLC (hereinafter "AEG") and for Count IV of her cause of action states:

1. She incorporates herein by reference each and every statement and allegation contained in Count III above of this Second Amended Complaint and restates and realleges herein each and every statement and allegation contained therein.

2. At the time of the accident which is the subject of this Complaint, AEG and AEG's agents and employees who were acting within the scope and course of their agency and employment, were negligent and careless in the following particulars and said negligence and carelessness directly caused or directly contributed to cause Plaintiff to suffer the injuries and damages set forth above:

(a) They failed to properly train their agents and employees to recognize intoxicated patrons and guests, and failed to train their agents and employees on what actions to take to prevent intoxicated patrons or guests from injuring other people;

(b) They failed to properly train their agents and employees that patrons and guests, especially those who are intoxicated, should not be allowed to stand on the handicap accessible wheelchair platform;

(c) They caused, allowed and permitted their patrons and guests to consume so much alcohol that they would become unruly and intoxicated and thereby place themselves and other patrons and guests at risk;

(d) They failed to properly monitor the behavior of their patrons and guests so as to prevent incidents such as the one which is the subject of this lawsuit.

3. As the direct and proximate result of the aforesaid negligence and carelessness of AEG and its agents and employees, as detailed hereinabove, Plaintiff suffered and sustained and continues to suffer and sustain the injuries and damages set forth hereinabove, which have a monetary value of Seventy Thousand Dollars ($70,000.00).

WHEREFORE, Plaintiff prays judgment against Defendants in the sum of $70,000.00, together with her costs herein incurred and expended.

### Demand for Jury Trial

Plaintiff hereby demands a trial by jury.

HANKINS, CONKLIN & HILTON, P.C.

/s/ *Wesley D. Hilton*
Thomas E. Hankins - Bar #26005
Wesley D. Hilton - Bar #60944

8

Case 4:11-cv-01011-BP   Document 55   Filed 05/31/12   Page 8 of 9

6812 North Oak Trafficway, Suite 5
Gladstone, Missouri 64118-2587
Telephone: (816) 436-3100
FAX: (816) 436-8643
**Attorneys for Plaintiff**

### Certificate of Service

I hereby certify that the above and foregoing document (Second Amended Complaint) was filed with the Clerk of the District Court for the Western District of Missouri using the CM/ECF system on May 31, 2012, which will send a notice of the electronic filing to the following counsel of record:

Paul Hasty, Jr.
Attorney for Defendants

/s/ *Wesley D. Hilton*
Wesley D. Hilton
Attorney for Plaintiff